IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR40 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| JOSE OCHOA-CALDERON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's objections, Filing No. 112, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 111. Defendant filed a motion to dismiss the case on the basis that the speedy trial clock had expired under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and that his rights under the Due Process Clause and the Sixth Amendment right to jury. Filing No. 105, Filing No. 106, and Filing No. 110. The indictment charges the defendant with conspiracy to distribute 500 grams or more of cocaine in Count I and possession with intent to distribute 500 grams or more of cocaine in Count III.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the magistrate judge's F&R to which defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court finds the magistrate judge is correct in his analysis of the facts and the law as it relates to the Speedy Trial Act claim, but the court will order further briefing on the Due Process and Sixth Amendment claims.

The facts are not disputed. The government filed an indictment in this case on February 24, 2011. On March 3, 2011, the defendant appeared in federal court and

entered not guilty pleas to both counts against him. On September 15, 2011, the court scheduled a jury trial in this case. On October 11, 2011, the defendant failed to appear for his jury trial and the court issued a bench warrant for his arrest. Officers arrested defendant in Phoenix, Arizona, on November 14, 2011. On November 14, 2011, the defendant appeared for his Rule 5 proceedings pursuant to Fed. R. Crim. P. 5 and 40, before a magistrate judge in the District of Arizona where he waived any objection to his return to Nebraska. On December 14, 2011, authorities delivered defendant to the Douglas County Correctional Center in Omaha, Nebraska. The United States Marshal was ordered by Magistrate Judge Lawrence Anderson in Arizona to notify the United States Attorney and the Clerk of Court in Nebraska upon the arrival of the defendant in Nebraska. Filing No. 99-4. The United States Attorney and the clerk of court did not receive such notice. The defendant has been detained by the United States Marshals from that date to the present. No further proceedings have occurred.

## DISCUSSION

### *A. Speedy Trial*

Under the Speedy Trial Act, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Likewise, this act states: "[i]f the defendant is absent . . . on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant . . . occurs more than 21 days after the day set for trial, the defendant shall be deemed to have

first appeared before a judicial officer of the court in which the information or indictment is pending within the meaning of subsection (c) on the date of the defendant's subsequent appearance before the court." 18 U.S.C. § 3161(k)(1).

Defendant contends that pursuant to these two sections, more than 70 days have elapsed since his subsequent appearance in Arizona on the bench warrant for failure to appeal at trial, and thus his case should be dismissed.

The government argues that the trial for the defendant shall commence 70 days after the latter: (1) the filing date, or (2) the date that the defendant has appeared before the judicial officer in which the charge is pending. 18 U.S.C. § 3161(c)(1). Because the defendant was gone for a period of more than 21 days, the government contends that § 3161(k)(1) requires that the speedy trial clock be reset to zero. *See* cases cited by government, *United States v. Serrano*, 197 F. App'x 906, 908-09 (11th Cir. 2006) (unpublished) ("when the defendant is absent or unavailable at the date of his trial and does not appear before the court within 21 days, § 3161(k)(1) resets the speedy trial clock"); *United States v. Holloway*, 43 F.3d 712 (Table), 1 (D.C. Cir. 1994) (unpublished) (defendant was absent in excess of 21 days; thus, the Speedy Trial Act clock was reset); *United States v. Robinson*, 991 F.2d 792 (Table), 2 (4th Cir. 1993) (unpublished) ("speedy trial clock began anew under 18 U.S.C. § 3161(k)(1)" after defendant failed to appear and was absent for more than 21 days); *United States v. Greo,* 1994 WL 163923 (S.D.N.Y. 1994) (18 U.S.C. § 3161(k)(1) reset the speedy trial clock to zero after defendant failed to appear for trial and was absent for longer than 21 days). Further, the government argues that because the defendant has not "appeared" where the charge is pending, the speedy trial clock has not commenced. *See United States v. Thirion*, 813 F.2d 146, 153 (8th Cir.

3

1987) (speedy trial clock does not start until first appearance in district where charge is pending, even though defendant in federal custody prior to that time). The magistrate judge agreed that since the defendant has not appeared in this district following his subsequent appearance in the charging district, his speedy trial clock has not restarted under the Speedy Trial Act. Filing No. 111, at 1.

The court agrees with the magistrate judge and the government that the Speedy Trial Act has not been violated. The speedy trial clock does not start until defendant appears before a judge in Nebraska. *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003); § 3161(c)(1). Accordingly, the court will adopt the recommendation of the magistrate judge in this regard.

.   *B.  Sixth Amendment Right to a Jury Trial and Due Process*

Defendant contends that his due process and Fed. R. Crim. P. 5 rights have been violated because he has been in detention for 139 days (as of May 2, 2012), relying on *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985) ("We hold that [an] eighteen-day detention without an appearance before a judge or magistrate was a deprivation of liberty without due process of law."); *McDonald v. Dunning*, 760 F.Supp. 1156, 1167 (E.D.Va. 1991).

The magistrate judge and the government have not addressed this issue.[1] As stated in *Perez-Perez*,

> It is rare when the Sixth Amendment has been violated, but the Speedy Trial Act has not. See *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir.2002). The Supreme Court identified four factors to consider when applying a Sixth Amendment balancing test to a pretrial delay: the length of

---

[1] The defendant did not specifically raise this issue in his motion to dismiss. However, he clearly articulated the issue in his reply brief in support of his motion to dismiss and clearly raised the magistrate judge's failure to address it in his objection to the finding and recommendation. The government did not address this issue. Filing No. 110 and Filing No. 112.

4

> delay, the reason for delay, whether the defendant asserted the right to a speedy trial, and whether the defendant suffered any prejudice. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972).

*Perez-Perez*, 337 F.3d at 995.

> "[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences," and no Sixth Amendment right to a speedy trial arises until charges are pending. *Sprouts*, 282 F.3d at 1042 (citation omitted).

*Id*.

The court is concerned about the length of time this defendant has been in jail, particularly given the fact that he has not appeared before a judge or magistrate judge, and that no trial has been scheduled. In view of the fact that neither the government nor the magistrate judge addressed this matter, the court will order the parties to brief the issue of this defendant's Due Process and Sixth Amendment rights to a jury, particularly as it relates to the length of incarceration without a trial and as it relates to the *Perez-Perez* factors. Accordingly,

IT IS HEREBY ORDERED:

1. The defendant's motion to dismiss, Filing No. 105, is denied as to the Speedy Trial Act claim.

2. The defendant's objections, Filing No. 112, are overruled as to the Speedy Trial Act Claim.

3. The F&R of the magistrate judge, Filing No. 111, is adopted as to the Speedy Trial Act claim.

4. The government shall have 10 days from the date of this Memorandum and Order to submit a brief to the court addressing the Due Process and Sixth Amendment

right to trial claims as set forth herein.  The defendant shall have 10 days thereafter to file a brief in response to the government's brief.

DATED this 17th day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.