IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br><br>          vs.<br><br>JOSE OCHOA-CALDERON,<br><br>                    Defendants. | **8:11CR40**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court following this court's order directing the parties to brief the Due Process aspects of the speedy trial issue in this case. Filing No. 114. Defendant initially filed a motion to dismiss the case on the basis that the speedy trial clock had expired under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and that his rights under the Due Process Clause and his Sixth Amendment right to jury had been violated.  Filing Nos. 105, 106, and 110.  The magistrate judge addressed the speedy trial issue but not the Due Process issue. The court adopted the portion of the magistrate judge's order finding no speedy trial violation, but ordered the parties to address the Due Process and right to jury trial issues.  The parties have now addressed these issues.  See Filing Nos. 115 and 116.  The indictment charges the defendant with conspiracy to distribute 500 grams or more of cocaine in Count I and possession with intent to distribute 500 grams or more of cocaine in Count III.  Filing No. 1.

The court found the following facts in its previous order:

The facts are not disputed.  The government filed an indictment in this case on February 24, 2011.  On March 3, 2011, the defendant appeared in federal court and entered not guilty pleas to both counts against him. On September 15, 2011, the court scheduled a jury trial in this case.  On October 11, 2011, the defendant failed to appear for his jury trial and the court issued a bench warrant for his arrest.  Officers arrested defendant in Phoenix, Arizona, on November 14, 2011.  On November 14, 2011, the

defendant appeared for his Rule 5 proceedings pursuant to Fed. R. Crim. P. 5 and 40, before a magistrate judge in the District of Arizona where he waived any objection to his return to Nebraska. On December 14, 2011, authorities delivered defendant to the Douglas County Correctional Center in Omaha, Nebraska. The United States Marshal was ordered by Magistrate Judge Lawrence Anderson in Arizona to notify the United States Attorney and the Clerk of Court in Nebraska upon the arrival of the defendant in Nebraska. Filing No. 99-4. The United States Attorney and the clerk of court did not receive such notice. The defendant has been detained by the United States Marshals from that date to the present. No further proceedings have occurred.

Filing No. 114, Memorandum and Order, at 1-2.

**DISCUSSION**

Defendant contends that his Due Process and Fed. R. Crim. P. 5 rights have been violated because he has been in detention for 139 days (as of May 2, 2012), relying on *Coleman v. Frantz*, 754 F.2d 719, 723 (7th Cir. 1985) ("We hold that [an] eighteen-day detention without an appearance before a judge or magistrate was a deprivation of liberty without due process of law."); *McDonald v. Dunning*, 760 F. Supp. 1156, 1167 (E.D.Va. 1991).[1]

The government contends that the defendant must show that (1) the delay resulted in substantial and actual prejudice to the presentation of the defense; and (2) the government intentionally delayed the indictment to gain a tactical advantage of some sort or to harass the defendant. *United States v. Sturdy*, 207 F.3d 448, 451-52 (8th Cir. 2000).[2]

The government admits that the delay since the initial accusation is 14 months long. The government agrees that this would appear to meet the requirement for a

---

[1] The court notes that both cases cited by the defendant arose under 42 U.S.C. § 1983, and thus are not particularly useful in this case.

[2] The court likewise notes that this is a pre-indictment delay case.

prejudicial delay. However, the government contends that the time delays include extensive periods of pretrial motions, including seven months to resolve defendant's motion to suppress. In addition, defendant did not appear for trial, and was thereafter arrested in another district. The government also argues that the defendant filed a motion to dismiss at the 13-month time period which further delayed trial. Finally, the government contends that it was not notified, as the Arizona court order required, of the defendant's arrival in the District of Nebraska.

As this court previously noted, the Sixth Amendment guarantees a criminal defendant that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial…." U.S. Const. amend. VI. The Sixth Amendment right attaches at the time of indictment or arrest. United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003). The Sixth Amendment right attaches at the time of arrest or indictment and continues until the trial commences. United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 20009). The court must look to the length of the delay, the reason for the delay, whether the defendant asserted a right to a speedy trial, and whether the defendant suffered any prejudice. Barker v. Wingo, 407 U.S. 514, 530 (1972); see also United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007) (listing four factors: whether delay before trial was uncommonly long; whether the government or the defendant is more to blame for the delay; whether, in due course, the defendant asserted his right to a speedy trial; and whether the defendant suffered prejudice as a result of the delay). When applying the above factors, the analysis involves whether the length of time between the accusation and trial is presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 651-52 (1992).

3

The government agrees that a delay approaching a year meets the "presumptively prejudicial" test. *See Doggett*, 505 U.S. at 652 n.1; *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003). The second inquiry, then, is whether the blame is primarily on the part of the government or the defendant. The government admits it is the cause of the current delay. The Eighth Circuit has stated:

> While any negligence is not weighted as heavily against the prosecution as deliberately dilatory tactics, it would nonetheless fall "on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun."

*United States v. Williams*, 557 F.3d 943, 949 (8th Cir. 2009), *quoting Doggett*, 505 U.S. at 657. Although negligent and not intentional, the court finds this factor weighs against the government.

The third inquiry is whether the defendant has asserted his speedy trial rights. The court notes that with regard to this factor, defendant has not appeared before the magistrate or district court judge to so invoke his right. He has been sitting in jail since December 14, 2011. That is the fault of the government. The defendant could have, as the government argues, filed an earlier motion asserting his rights, however. The court finds this factor is more evenly balanced, although it tips in favor of the defendant.

With regard to the final factor, the question is whether defendant has suffered prejudice with regard to the delay. Defendant argues that he has been stripped of his speedy trial rights, because of the fact that he never appeared before a judge. The Eighth Circuit has stated:

> The final *Barker* factor considers "whether the defendant suffered prejudice as a result of the delay." *Walker*, 92 F.3d at 719. We assess this prejudice "in the light of the interests of defendants which the speedy trial right was designed to protect … (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii)

> to limit the possibility that the defense will be impaired." *Aldaco*, 477 F.3d at 1019 (quoting *Barker*, 407 U.S. at 532, 92 S. Ct. 2182). Of these interests, prejudice to the last is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Walker*, 92 F.3d at 719 (quoting *Barker*, 407 U.S. at 532, 92 S. Ct. 2182). Because Ontiveros was not incarcerated or aware of his indictment prior to his arrest, he claims only that the delay at issue prejudiced his defense.

*Erenas-Luna*, 560 F.3d at 778.

The court is concerned with allowing a defendant to remain in custody as has happened in this case. However, the court does not believe it occurred for the purpose of avoiding the requirements of speedy trial. The defendant did in fact file pretrial motions that delayed his time of trial. Thereafter, the defendant initiated the problem by fleeing the jurisdiction prior to trial and failing to appear for his trial. Upon his arrest and transport back to Omaha, the failure to so notify the court and the United States Attorney's Office of his return appears to be negligent and not intentional. While it is the responsibility of the prosecution and the court to assure that these delays do not occur, the court further has found no evidence that any actual prejudice has occurred or that any tactical advantage was gained by the government, or that such actions were intended to harass the defendant. The court finds no evidence that the defense will be impaired as a result of this incarceration. *See Erenas-Luna*, 560 F.3d at 778. Accordingly, the court will deny defendant's motion to dismiss on the basis of his Due Process and Sixth Amendment claims.

THEREFORE, IT IS ORDRED:

1.      Defendant's motion to dismiss, Filing No. 105, is denied in its entirety.

2.      The magistrate judge is ordered to conduct a status conference and immediately progress this case.

Dated this 14th day of June, 2012.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge